**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**ORANGEBURG DIVISION**

| | | |
|---|---|---|
| Paul Matthew Fields, | ) | |
| | ) | Civil Action No. 5:15-cv-01866-JMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Expedited Logistics Solutions LLC, Frank | ) | |
| Joseph Loftis, South Carolina Department | ) | |
| of Transportation, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the court pursuant to Plaintiff Paul Matthew Fields' ("Plaintiff")
Motion to Remand the case to the Court of Common Pleas for Orangeburg County, South
Carolina.  (ECF No. 13.)  Defendants Expedited Logistics Solutions LLC, Frank Joseph Loftis,
and South Carolina Department of Transportation ("SCDOT") (collectively "Defendants")
oppose Plaintiff's Motion and ask the court to retain jurisdiction.  (ECF Nos. 25, 26.)  For the
reasons set forth herein, the court **GRANTS** Plaintiff's Motion to Remand (ECF No. 13).

## I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, a citizen of South Carolina, alleges that Defendant Loftis, a citizen of
Tennessee, while operating a tractor trailer for Defendant Expedited Logistics Solutions, a North
Carolina company, failed to yield the right of way and attempted to make a left turn from a
private drive onto South Carolina Secondary 49, blocking four lanes of traffic and causing
Plaintiff to strike the trailer.  (ECF No. 1-1 at 3-4; *see also* ECF No. 1 at 2.)  Plaintiff further
alleges that SCDOT failed to properly maintain safe road conditions and that rutting in the
roadway caused standing water which contributed to Plaintiff's inability to stop before colliding
with the trailer.  (ECF No. 1-1 at 4.)

1

On May 1, 2015, Defendants Loftis and Expedited Logistics Solutions filed a Notice of Removal, asserting the court has jurisdiction over the matter under diversity jurisdiction pursuant to 28 U.S.C. § 1332. (ECF No. 1 at 2.) Defendants assert that Defendant SCDOT is a fraudulently joined defendant "because there is no possibility, based on the pleadings, that plaintiff can state a cause of action against Defendant [SC]DOT in state court." (*Id.* at 3.) Plaintiff moved to remand the case back to state court on May 29, 2015. (ECF No. 13.)

## II. LEGAL STANDARD AND ANALYSIS

Federal courts are courts of limited jurisdiction. A defendant is permitted to remove a case to federal court if the court would have had original jurisdiction over the matter. 28 U.S.C. § 1441(a). A federal district court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between - (1) citizens of different States; . . . ." 28 U.S.C. § 1332(a). In cases in which the district court's jurisdiction is based on diversity of citizenship, the party invoking federal jurisdiction has the burden of proving the jurisdictional requirements for diversity jurisdiction. *See Strawn v. AT&T Mobility LLC*, 530 F.3d 293, 298 (4th Cir. 2008) (holding that in removing case based on diversity jurisdiction, party invoking federal jurisdiction must allege same in notice of removal and, when challenged, demonstrate basis for jurisdiction). Because federal courts are forums of limited jurisdiction, any doubt as to whether a case belongs in federal or state court should be resolved in favor of state court. *See Auto Ins. Agency, Inc. v. Interstate Agency, Inc.,* 525 F. Supp. 1104, 1106 (D.S.C. 1981) (citations omitted).

Section 1332 requires complete diversity between all parties. *Strawbridge v. Curtiss,* 7 U.S. 267, 267 (1806). Complete diversity requires that "no party shares common citizenship with any party on the other side." *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999).

"A civil action otherwise removable solely on the basis of the jurisdiction… may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. 1441(b)(2).

The amount in controversy is not in dispute. Where the parties disagree is whether complete diversity exists in this case.

Fraudulent joinder doctrine "effectively permits a district court to disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction." *Mayes,* 198 F.3d at 461 (citing *Cobb v. Delta Exp. Inc.*, 186 F.3d 675, 677-78 (5th Cir 1999)). To use this exception, "the removing party must demonstrate either 'outright fraud in the plaintiff's pleading of jurisdictional facts' or that 'there is *no possibility* that the plaintiff would be able to establish a cause of action against the in-state defendant in state court.'" *Hartley v. CSX Transp., Inc.,* 187 F.3d 422, 424 (4th Cir. 1999) (citing *Marshall v. Manville Sales Corp.,* 6 F.3d 229, 232 (4th Cir.1993)) (emphasis in original). Defendants allege the latter. (ECF No. 1 at 3.)

Defendants argue that Plaintiff could not establish a cause of action of negligence against Defendant SCDOT because "no one who investigated the accident, including the investigating officer, the South Carolina Highway Patrol, or the MAIT [South Carolina Highway Patrol Multi-Disciplinary Accident Investigation Team] team found… that there was any defect or condition in the roadway that was a contributing factor to this accident." (ECF No. 1 at 3.) However, in his Response to Defendants' Memorandum in Opposition of Motion to Remand, Plaintiff cites to the deposition of Trooper Michael Laird in which Laird stated that road defects would not be listed on accident reports and further that the road did have a defect causing standing water. (ECF No. 27-1 at 3.) Therefore, Plaintiff can demonstrate at least a possibility he may succeed

on a negligence cause of action against Defendant SCDOT and Defendants cannot meet the high burden of establishing that "there is *no* possibility" Plaintiff could establish a cause of action against the in-state Defendant.  As such, removal was not proper, and this case should be remanded to state court pursuant to 28 U.S.C. 1441(b)(2).

### III. CONCLUSION

Based on the aforementioned reasons, the court hereby **GRANTS** Plaintiff's Motion to Remand (ECF No. 13) and **REMANDS** this action to the Court of Common Pleas for Orangeburg County, South Carolina, for further proceedings.

**IT IS SO ORDERED.**

J. Michelle Childs

United States District Judge

July 16, 2015
Columbia, South Carolina

4